## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SIERRA CLUB | ) | |
| 85 Second Street, 2nd Floor | ) | |
| San Francisco, CA 94105 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civ. No. _____ |
| v. | ) | |
| | ) | |
| GINA MCCARTHY, in her official capacity as | ) | |
| Administrator of the United States Environmental | ) | |
| Protection Agency | ) | |
| Ariel Rios Building | ) | |
| 1200 Pennsylvania Avenue, N.W. | ) | |
| Washington, DC 20460 | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### I.      INTRODUCTION

1.      The Administrator of the United States Environmental Protection Agency

("Administrator" or " EPA") has failed to perform her non-discretionary duty to grant or deny a

petition filed by the Sierra Club on September 29, 2015 (hereinafter "Petition"), asking EPA to

object to the air pollution operating permit (hereinafter "the Permit") issued by the Tennessee

Department of Environment and Conservation ("TDEC") under Title V of the Clean Air Act for

Tennessee Valley Authority's ("TVA") Bull Run Fossil Plant ("Bull Run").  *See* 42 U.S.C. §

7661d(b)(2) (authorizing such petitions).

1

2.      Although more than 60 days have passed, the EPA Administrator has not granted or denied Sierra Club's Petition, in contravention of a mandatory 60-day deadline for action.  42 U.S.C. § 7661d(b)(2).  She is, therefore, in violation of her nondiscretionary duty under the Clean Air Act.  Accordingly, Sierra Club seeks a declaration that the Administrator is in violation of the Clean Air Act and an order compelling the Administrator to grant or deny Plaintiff's Petition by a date certain.

## II.      JURISDICTION

3.      The instant action arises under the Clean Air Act, 42 U.S.C. § 7661d(b).  This Court has jurisdiction over Sierra Club's claims pursuant to 42 U.S.C. § 7604(a) and 28 U.S.C. §§ 1331, 1361.  The relief requested by Sierra Club is authorized pursuant to 42 U.S.C. § 7604 and 28 U.S.C. §§ 1361, 2201, and 2202.

## III.      NOTICE

4.      By certified letter dated December 3, 2015, Sierra Club provided the Administrator with written notice of Sierra Club's claim concerning EPA's failure to take action on the Petition and of Sierra Club's intent to bring suit to remedy this Clean Air Act violation.  Sierra Club provided notice pursuant to 42 U.S.C. § 7604(b) and 40 C.F.R. §§ 54.2, 54.3.  A copy of this notice is provided as Exhibit A to this Complaint.

## IV.      VENUE

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(e)(1).  A substantial part of the events or omissions giving rise to Sierra Club's claim occurred in the District of Columbia.  Defendant Gina McCarthy is an officer of the United States, sued for acts and omissions in her official capacity, and her official residence is in the District of Columbia.  In addition, EPA has its principal office in the District of Columbia.

## V.      PARTIES

6.      Plaintiff Sierra Club is the oldest and largest grassroots environmental group in the United States, with over 638,000 members nationally, including over 6,900 members in Tennessee.  Sierra Club's mission is to explore, enjoy, and protect the wild places of the Earth; to practice and promote the responsible use of the Earth's resources and ecosystems; to educate and enlist humanity to protect and restore the quality of the natural and human environment; and to use all lawful means to carry out these objectives.  Sierra Club and its members are greatly concerned about the effects of air pollution on human health and the environment and have a long history of involvement in activities related to air quality and source permitting under the Clean Air Act.

7.      Sierra Club is a "person" within the meaning of 42 U.S.C. § 7602(e).  As such, Sierra Club may commence a civil action under 42 U.S.C. § 7604(a).

8.      Sierra Club has members in Tennessee whose health, economic, aesthetic, and environmental interests have been, are being, and will be adversely affected by the EPA acts and omissions complained of herein.  Sierra Club members live, raise their families, work, attend school, travel, and recreate in areas where they are exposed to dangerous air pollutants emitted from TVA's Bull Run Plant.  Such air pollutants, which include visible emissions, as well as particulate matter, sulfur dioxide, and nitrogen oxides, are associated with a variety of adverse effects on human health and impairment of visibility and damage to wildlife and vegetation.  The Permit upon which Sierra Club's Petition is based allows Bull Run to release such air pollutants, thereby threatening the health of Sierra Club members and their use and enjoyment of the air, environment, wildlife, scenery, and outdoor views adversely impacted by such pollutants.  The Administrator's acts and omissions complained of herein cause injury to Sierra Club members by

threatening their health and welfare, and by denying them measures and procedures provided under the Clean Air Act to protect their health and welfare from air pollution in places where they live, work, recreate, and conduct other activities.  The health, recreational, aesthetic, organizational, and procedural interests of Sierra Club and its members have been and continue to be adversely affected by the EPA acts and omissions complained of herein.

9.      Sierra Club's interests and its members' interests have been, are being, and will continue to be, harmed by EPA's failure to act on Sierra Club's Petition for objection to the Title V permit issued to Bull Run.  EPA's failure to respond to Sierra Club's Petition creates doubt and concern for Sierra Club members about whether the Bull Run Permit complies with the requirements of the Clean Air Act and protects them from exposure to pollutants to the extent required by law.

10.     The acts and omissions of EPA alleged herein further deprive Sierra Club and its members of procedural rights and protections to which they are entitled.  During the permitting process for Bull Run, Sierra Club provided comments critical of the Permit's terms and limits. Subsequently, Sierra Club petitioned EPA to object to the issuance of the Permit. The Clean Air Act gives Sierra Club a procedural right to a timely decision on its Petition.  EPA's failure to take action on Sierra Club's Petition prevents Sierra Club and its members from challenging an unfavorable EPA decision or from benefiting from a favorable decision on the Petition.

11.     The Clean Air Act violations alleged in this Complaint have injured and continue to injure the interests of Sierra Club and its members.  Granting the relief requested in this lawsuit would redress these injuries.

12.     Gina McCarthy is the Administrator of the EPA.  The Administrator is responsible for implementing the Clean Air Act, including the requirement to grant or deny Sierra Club's Petition within 60 days.  Gina McCarthy is sued in her official capacity.

## VI.     LEGAL BACKGROUND

13.     The Clean Air Act aims "to protect and enhance the quality of the Nation's air resources." 42 U.S.C. § 7401(b)(1).  To help meet this goal, the 1990 amendments to the Clean Air Act created the Title V permit program, an operating permit program that applies to all major sources of air pollution.  *See* 42 U.S.C. §§ 7661-7661f.

14.     Major sources of air pollution must obtain a valid Title V operating permit, which records applicable air pollution control requirements in a single document.  *See* 42 U.S.C. §§ 7661a(a), 7661c(a).

15.     The Clean Air Act provides that the EPA Administrator may approve state programs to administer the Title V permitting program with respect to sources within their borders.  *See* 42 U.S.C. § 7661a(d).  EPA fully approved Tennessee's administration of its Title V permit program in 2001.  *See* Tennessee Air Pollution Control Regulations Chapter 1200-03-09; *see also* 40 C.F.R. Part 70, Appendix A, Tennessee (a)(2) ("The State's operating permit program is hereby granted final full approval effective on November 30, 2001.").

16.     Before a state with an approved Title V permit program may issue a Title V permit, the state must forward the proposed Title V permit to EPA.  42 U.S.C. § 7661d(a)(1)(B). EPA then has 45 days to review the proposed permit.  42 U.S.C. § 7661d(b).  EPA must object to the issuance of the permit if EPA finds that the permit does not comply with all applicable provisions of the Clean Air Act. 42 U.S.C. § 7661d(b)(1).

17.     After EPA's 45-day review period expires, "any person may petition the Administrator within 60 days" to object to the Title V permit.  42 U.S.C. § 7661d(b)(2).

18.     The Clean Air Act requires that "[t]he Administrator shall grant or deny such petition within 60 days after the petition is filed."  42 U.S.C. § 7661d(b)(2).

19.     If EPA objects to a permit, the permitting authority may not issue the permit unless it is revised.  42 U.S.C. § 7661d(b)(3).  If the permitting authority has issued a permit prior to receipt of an objection by the Administrator, the Administrator shall modify, terminate, or revoke such permit.  *Id.*

20.     If EPA fails to comply with a non-discretionary duty, such as acting on a petition to object within the statutorily mandated timeframe, the Clean Air Act allows any person to bring suit to compel EPA to perform its duty.  *See* 42 U.S.C. § 7604(a).

## VII.   FACTUAL BACKGROUND

21.     Bull Run is a major stationary source of air pollution and is located in Clinton, Tennessee.  The facility's operation consists primarily of a single coal-fired boiler.

22.     In January of 2015, TDEC released a proposed renewal Title V operating permit (No. 01-0009/567519) for Bull Run, based on a permit application received in July of 2013.  Sierra Club submitted detailed comments on February 12, 2015, during the public comment period for the proposed permit.

23.     In April of 2015, TDEC released a revised proposed Title V operating permit for Bull Run.  Sierra Club submitted detailed comments on the revised proposed permit on May 21, 2015, during the public comment period.

24.     TDEC submitted Bull Run's proposed Title V permit to EPA for review in accordance with the Clean Air Act.  EPA's 45-day review period for the proposed permit began on June 16, 2015, and ended on July 31, 2015.  EPA did not raise any objections to the permit.

25.     On September 29, 2015, Sierra Club filed a petition requesting that the Administrator object to the issuance of Bull Run's Title V operating permit on the basis that the permit failed to:

- impose compliance assessments that adequately and accurately assure compliance with applicable opacity standards for visible emissions; and

- include monitoring requirements sufficient to yield reliable data that are representative of the Plant's compliance with the opacity standards for visible emissions in its Title V permit.

The Petition was timely filed within 60 days following the conclusion of EPA's review period. 42 U.S.C. § 7661d(b)(2).

26.     Sierra Club's Petition was based on objections that were raised with reasonable specificity during the public comment periods for the proposed permit, in accordance with 42 U.S.C. § 7661d(b)(2).

27.     EPA had 60 days, until November 28, 2015, to grant or deny Sierra Club's Petition.  42 U.S.C. § 7661d(b)(2).  As of the date of filing of this complaint, EPA has not yet granted or denied the Petition.

## VIII.   CLAIM FOR RELIEF

28.     Sierra Club incorporates the allegations in all preceding paragraphs of this Complaint as if set forth in full herein.

29.     The Administrator had a mandatory duty to grant or deny Sierra Club's Petition within 60 days after it was filed.  *See* 42 U.S.C. § 7661d(b)(2) ("The Administrator shall grant or deny such petition within 60 days after the petition is filed").

30.     It has been more than 60 days since the Administrator received Sierra Club's September 29, 2015 Petition requesting that EPA object to the Title V Permit for Bull Run.

31.     As of date of filing this Complaint, the Administrator has not granted or denied Sierra Club's Petition.

32.     Therefore, the Administrator has violated and continues to violate the Clean Air Act, 42 U.S.C. § 7661d(b)(2).

33.     This Clean Air Act violation constitutes a "failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator" within the meaning of the Clean Air Act's citizen suit provision.  42 U.S.C. § 7604(a).  The Administrator's violation is ongoing, and will continue unless remedied by this Court.

## IX.     REQUEST FOR RELIEF

WHEREFORE, Sierra Club respectfully requests that this Court enter judgment providing the following relief:

A)      A declaration that the Administrator has violated the Clean Air Act by failing to grant or deny Sierra Club's Petition requesting that EPA object to the Title V operating permit for Bull Run;

B)       An order compelling the Administrator to perform her mandatory duty to grant or deny Sierra Club's Petition for objection to the Title V operating permit for Bull Run, by an expeditious certain date;

C)    An order retaining jurisdiction over this matter until such time as the

Administrator has complied with her non-discretionary duties under the Clean Air Act;

D)    An order awarding Sierra Club its costs of litigation, including reasonable

attorneys' fees; and

E)    Such other and further relief as the Court deems just and proper.

Respectfully submitted,


Dated: February 12, 2016                   */s/ Kathryn Amirpashaie*

Kathryn M. Amirpashaie
DC Bar Id. No. 1001491
Law Office of Kathryn M. Amirpashaie, PLC
406 Blue Ridge Avenue NE
Leesburg, VA 2017
Tel: (703) 771-8394
kmalawoffice@gmail.com


Zachary M. Fabish
DC Bar Id. No. 986127
The Sierra Club
50 F Street NW, Eighth Floor
Washington, DC 20009
Tel: (202) 675-7917
zachary.fabish@sierraclub.org


*Counsel for Plaintiff Sierra Club*